The opinion of the court was delivered by
Fenner, J.
The defendant was indicted for murder and convicted of manslaughter.
In absence of any appearance by counsel on his behalf, we have given careful consideration to the bills of exception found in the record. Two of these bills are taken to the exclusion by the judge of evidence offered to prove prior threats and assaults by deceased against the defendant. The judge’s ruling is sustained by his statement: First, that the threats and assaults referred to occurred several months before the killing; second, that they were not followed by any such hostile overt act at the time of the killing as would lay the foundation for their admission.
The judge states that the only overt act proved against deceased at or about the time of the killing consisted in his having shaken his finger in the face of accused, adding: ‘ ‘ This was not repelled by blow or assault by Cosgrove, and was not followed up by blow or assault by Fitzgerald. Fitzgerald resumed his seat on the bench where he had been previously sitting, and Cosgrove sat on the steps where he had been sitting facing the bench. After an interval of from three to five minutes, according to some of the witnesses, Cosgrove fired successively three shots,” etc.
This statement does not disclose any such overt act on the part of deceased as, taken in connection with the prior threats, justified the defendant in believing that deceased was then and there about to carry the threats into execution and that his life was in such apparently imminent danger as to justify him in taking his adversary’s. These are, under our jurisprudence, the necessary characteristics of the overt act or hostile demonstration which may serve as the basis for the introduction of evidence of prior threats, of the dangerous character of the deceased -and the like. State vs. Birdwell, 36 An. 859; State vs. Jackson, 33 An. 1088; State vs Labuzan, 37 An. 489.
The third bill to the refusal of the judge to give certain special charges, is so conclusively disposed of by the reasons of the judge and by his statement of the charge actually given, that it needs no comment. The only serious ground of the motion for new trial was the alleged error in excluding the testimony embraced in the bills above referred to, and our disposition of them applies to this motion.
Judgment affirmed.